Thomas W. LOOSMORE and Susanne Loosmore, Plaintiffs,

v.

James M. PARENT and Milwaukee Guardian Insurance, Inc., Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent,

ALLSTATE INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals

*No. 00–0027–FT. Submitted on briefs May 8, 2000.—Decided May 31, 2000.*

2000 WI App 117

(Also reported in 613 N.W.2d 923.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lawrence M. Rocheford* and *Mark D. Malloy* and *Jardine, Logan & O'Brien, P.L.L.P.* of St. Paul, Mn.

On behalf of the defendant-respondent, the cause was submitted on the brief of *David E. Richie* and *Danielson, Guettinger, Richie & Manydeeds, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. This case arises from American Family Mutual Insurance Company's breach of its duty to defend Allstate Insurance Company. Allstate appeals a judgment dismissing its claim for attorney fees from the date that it tendered its defense to American Family.[1] The attorney fees consist of three components: (1) those Allstate generated defending the liability action; (2) expenses incurred to prove coverage; and (3) fees for prosecuting a cross-claim against

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (1997–98).

James Parent. Allstate contends that the circuit court erred by applying the incorrect law to deny it damages resulting from American Family's breach of its duty to defend.

¶ 2.  We agree that American Family breached its duty to defend. Under Wisconsin law, Allstate is therefore entitled to the damages that naturally flow from that breach. Here, those damages include attorney fees incurred defending itself and pursuing coverage. They do not include the cost of prosecuting a cross-claim against Parent. Accordingly, the judgment is affirmed in part, reversed in part, and remanded. On remand, the circuit court shall determine the legal expenses recoverable by Allstate consistent with this opinion.

## BACKGROUND

¶ 3.  The Loosmores initiated this action against Parent and American Family, alleging that Parent negligently caused their injuries in an automobile accident. American Family, which provided automobile liability insurance to Parent, answered the complaint on behalf of Parent and itself, denying Parent was negligent.

¶ 4.  Parent testified at his deposition that he was employed as a claims adjuster for Allstate. At the time of the accident, he was returning from the St. Croix County courthouse after picking up some salvage items in the course of his duties. The Loosmores subsequently amended their complaint to join Allstate as a defendant, alleging that Parent was in the course of his employment with Allstate at the time of the accident and that Allstate was therefore vicariously liable for Parent's negligence.

¶ 5.  In September 1998, after the amended complaint was filed, Allstate's claims consultant contacted

American Family's counsel by telephone and discussed tendering Allstate's defense to American Family.[2] He followed the phone call with a letter that stated in part:

> As you may recall, we would like to make a formal request for defense and indemnification afforded under Mr. Parent's Personal Automobile insurance policy.
>
> Unless you wish for this request to come from an official court order, please forward a copy of Mr. Parent's policy for our review. As further discussed in our telephone conversation, Mr. Lawrence Rocheford . . . will be representing our insured in this matter.

American Family's counsel sent correspondence acknowledging the letter and indicated that he had forwarded it to American Family.

¶ 6. Shortly thereafter, Parent and American Family answered the amended complaint, denying both negligence and that Parent was in the course and scope of his employment with Allstate at the time of the accident. Allstate's, not American Family's, counsel answered on behalf of Allstate. The answer joined whether Parent was in the course and scope of his employment.[3]

---

[2] American Family's policy defined "insured persons" to include any person or organization that has legal liability for the acts or omissions of Parent.

[3] Allstate's answer contained a general denial of all allegations not admitted. Allstate also alleged, however, under the heading "Affirmative Defenses" that it did not have information sufficient to form a belief regarding certain allegations, including the paragraph alleging that Parent was in the course and scope of employment.

683

¶ 7. In early February 1999, Allstate filed a cross-claim against Parent alleging that Parent was not in the course of employment, but if he was, Allstate was entitled to "complete indemnification." In late February, Allstate also filed a cross-claim against American Family, alleging that Allstate was an insured under American Family's policy and, consequently, American Family was required to provide a defense and indemnification. Allstate specifically requested as relief "all attorney's fees and costs incurred in proving that tender should have been accepted by American Family, and all attorney's fees and costs incurred in defending itself." On March 8, 1999, Allstate filed an amended answer admitting that Parent was in the course of his employment with Allstate at the time of the accident.

¶ 8. On April 6, 1999, American Family accepted Allstate's tender. Shortly thereafter, American Family settled the Loosmores' claims. Allstate then moved to have all its attorney fees and costs reimbursed by American Family since the date of its tender in September 1998. Although concluding that American Family had breached its duty to defend Allstate, the circuit court decided that attorney fees were not warranted under the facts of the case. The court reasoned that Allstate's position that Parent was not within the course of his employment prevented American Family from defending Allstate. The circuit court denied the motion.[4]

---

[4] The motion was in the nature of a summary judgment. Because American Family had resolved the Loosmores' claims, the attorney fees issue was all that remained of the litigation.

## ANALYSIS

¶ 9. Allstate claims that governing Wisconsin law entitles it to those damages naturally flowing from American Family's breach of its duty to defend. Those damages, it contends, include all the legal expenses it has incurred in this litigation. American Family disputes that it breached a duty to defend. American Family further asserts that the circuit court's decision to deny attorney fees was supported by the facts of the case.

¶ 10. The relevant facts are not in dispute. "Whether a party to a contract has breached a contractual provision is a question of law." *Elliott v. Donahue*, 169 Wis. 2d 310, 316, 485 N.W.2d 403 (1992). The proper measure of damages for an insurer's breach of its contractual duty to defend is also a legal question. *See Newhouse v. Citizens Security Mut. Ins. Co.*, 176 Wis. 2d 824, 837, 501 N.W.2d 1 (1993). We decide questions of law without deference to the circuit court. *See id.*

### 1. Duty to Defend

¶ 11. American Family does not directly challenge the trial court's conclusion that it had a duty to defend Allstate, but acknowledges only that it "may have had a duty to defend Allstate in the underlying action." American Family contends that: (1) Allstate's "curious and confusing" communication was inadequate to tender its defense to American Family; (2) Allstate is not an average insured and should have been able to clearly articulate what it desired American Family to do; (3) Allstate prevented American Family from taking over its defense by positions it took

685

in the litigation; and (4) its defense of Parent discharged its obligation because that defense benefited Allstate's interests. We are unconvinced.

¶ 12.   We conclude that Allstate's correspondence to American Family constituted a tender of defense. In *Towne Realty, Inc. v. Zurich Ins. Co.*, 201 Wis. 2d 260, 267, 548 N.W.2d 64 (1996), our supreme court stated, as a matter of law, that "[a] tender of defense occurs once an insurer has been put on notice of a claim against the insured." American Family does not dispute that Allstate put it on notice of the claim, or that Allstate qualified as an insured under its policy. It claims that Allstate never clearly tendered the claim to American Family. The *Zurich* court stated:

> [I]f it is unclear or ambiguous whether the insured wishes the insurer to defend the suit, it becomes the responsibility of the insurer to communicate with the insured before the insurer unilaterally forgoes the defense. This places the "burden of ensuring clear communication between the insurer and insured on the insurer, who is better positioned, in terms of expertise and resources, to manage such a task." Despite Zurich's protestations, this holding should not create an onerous duty for insurers: a simple letter requesting clarification of the insured's position should suffice.

*Id.* at 269 (citations and footnotes omitted). If American Family found Allstate's communication to be ambiguous, its duty was to ask Allstate to clarify its position.

¶ 13.   American Family contends that *Zurich's* rule does not apply to a sophisticated insured like Allstate. It relies on *Zurich's* language that "insurers are usually more sophisticated and knowledgeable than

insureds regarding the insurer's duty to defend and insurers are in a better position than insureds to facilitate clear communication between the parties." *Id.* at 268. That Allstate is an insurer and presumably as sophisticated and knowledgeable regarding the duty to defend as American Family is irrelevant. The supreme court intended that its rule apply to all insureds, regardless of their sophistication. Footnote two of the *Zurich* opinion states:

> The insurer fulfills its duty once it requests the insured for clarification of its position. If the insured is uncooperative or unresponsive, the insurer need not pursue the matter further. This will prevent a *sophisticated insured* from intentionally vacillating on whether it wants the insurance company to defend the action and, then, after significant legal expenses have accumulated, demanding indemnification.

*Id.* at 269–70 (emphasis added).

¶ 14. Moreover, even assuming *Zurich* permits an exception for sophisticated insureds, we would not apply it here. American Family issued Parent the policy affording coverage to Allstate as an additional insured. At the time of its letter, Allstate had the benefit of neither a copy of the policy nor American Family's position on coverage for Allstate. Under the *Zurich* rationale, American Family was in the better position to facilitate clear communication.

¶ 15. American Family next asserts that Allstate's defense to the merits, that Parent was not in the course of employment with Allstate, justified its failure to defend Allstate. American Family asserts that Allstate's position conflicted with the basis for providing Allstate coverage: Allstate's vicarious liability for Par-

ent's driving. Therefore, according to American Family, it had no duty to defend or its failure to defend was legally justified. We disagree.

¶ 16. An insurer's duty to defend its insured is determined by comparing the complaint's allegations to the insurance policy terms. *See School Dist. v. Wausau Ins. Cos.*, 170 Wis. 2d 347, 364–65, 488 N.W.2d 82 (1992). "The duty to defend is triggered by the allegations contained within the four corners of the complaint." *Newhouse*, 176 Wis. 2d at 835. The duty to defend focuses on the nature of the claim and has nothing to do with the merits of the claim. *See Grieb v. Citizens Cas. Co.*, 33 Wis. 2d 552, 558, 148 N.W.2d 103 (1967).

> As a result, the insurer may have no duty to defend a claim that ultimately proves meritorious against the insured because there is no coverage for that claim. Conversely, the insurer may have a clear duty to defend a claim that is utterly specious because, if it were meritorious, it would be covered. The insurer's duty arises when the allegations in the complaint coincide with the coverage provided by the policy.

*Smith v. Katz*, 226 Wis. 2d 798, 806–07, 595 N.W.2d 345 (1999).

¶ 17. The amended complaint alleged that Parent was in the course and scope of his employment with Allstate and that Allstate was vicariously liable for Parent's acts. Based on those allegations, American Family had a duty to defend Allstate. *See id.* at 806.

¶ 18. Moreover, American Family's proposition, taken to its logical extreme, stands our law governing the duty to defend on its head. An insurer is only obli-

gated to defend a suit seeking damages that an insured is legally obligated to pay. If we considered the defense an insured interposes to the complaint when determining an insurer's defense obligation, as American Family suggests, then an insurer has no duty to defend any insured denying liability. Wisconsin law does not support this result. The duty to defend is determined by the complaint's allegations, not a defendant's answer to the complaint. *See id.*

¶ 19. If Allstate's position created a conflict with the position taken by American Family and Parent, American Family should have attempted to resolve the conflict or hired separate counsel to defend Allstate. Again, any conflict between the claim and the defense cannot affect American Family's duty to defend. In this case, we fail to see the conflict, at least initially, because Parent and American Family had also denied that Parent was in the course of his employment at the time of the collision.

¶ 20. We also reject any notion that American Family's defense of Parent satisfied its duty to defend Allstate. American Family asserts that because Allstate's only exposure in this case was its vicarious liability for Parent's driving, Parent's defense protected Allstate. That Parent's defense may have ultimately inured to Allstate's benefit does not insulate American Family from its duty to defend an insured that has tendered its defense. American Family's obligation under its contract was to defend Allstate. It breached that duty.

## 2. Damages for Breach of Duty to Defend

¶ 21. We now examine the consequences of American Family's breach of its duty to defend All-

state. "The general rule is that where an insurer wrongfully refuses to defend . . . the insurer is guilty of a breach of contract which renders it liable to the insured for all damages that naturally flow from the breach." *Newhouse*, 176 Wis. 2d at 837. Our supreme court has held that damages that naturally flow from a breach of a duty to defend include: "(1) the amount of the judgment or settlement against the insured plus interest; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach." *Id.* at 838. Other damages naturally flowing from the breach include the "legal expenses incurred in establishing coverage." *Towne Realty, Inc. v. Zurich Ins. Co.*, 193 Wis. 2d 544, 560, 534 N.W.2d 886 (Ct. App. 1995), *reversed in part on other grounds by Zurich*, 201 Wis. 2d 260. Legal expenses generated in prosecuting an offensive claim relating to the liability issues, however, are not recoverable; "[o]nly legal expenses incurred while 'defending the suit' against the insured are recoverable." *Zurich*, 201 Wis. 2d at 272.

¶ 22. American Family does not address *Newhouse* or subsequently decided cases. Rather, it rearranges the arguments we have already rejected to suggest that Allstate prevented American Family from assuming its defense and should in equity pay its own attorney fees.[5] We disagree. American Family's breach

_____

[5] In addition to the arguments it previously made, American Family complains that it did not choose Allstate's attorney and consequently should not pay his expenses. We agree with American Family that it generally has the right to select the counsel to defend Allstate. That right, however, does not arise until American Family fulfills its duty to defend. Because American Family failed to defend, it can neither insist on choosing

of the obligations imposed by the contract and Wisconsin law forced Allstate to provide for its own defense. American Family could have prevented Allstate from incurring any reimbursable legal expenses by accepting the tender and providing a defense as required.

¶ 23.   The fees that Allstate seeks to recover are largely for the legal expenses it incurred in its defense. Some fees also relate to Allstate's cross-claim against American Family for coverage.[6] These fees are costs that naturally flow from American Family's breach of the duty to defend. We conclude that they are recoverable from American Family.

¶ 24.   The fees incurred prosecuting Allstate's cross-claim against Parent, however, are not recoverable. Those expenses do not arise from Allstate' defense of the suit against it, nor from its efforts to compel American Family to provide coverage. Therefore, on remand, the circuit court must segregate the legal fees Allstate incurred prosecuting its claim against Parent, which are not reimbursable, from the expenses generated defending the Loosmores' claims and establishing coverage, which are reimbursable, and award Allstate damages consistent with this decision.

---

defense counsel nor refuse to reimburse Allstate for its defense costs.

   [6] American Family claims that coverage was not at issue because it never denied Allstate's tender. We reject this argument. Allstate obviously believed coverage was at issue. Its tender had not been responded to or accepted. Ultimately, Allstate felt compelled to initiate coverage litigation against American Family.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions. No costs on appeal.