EMPLOYERS MUTUAL CASUALTY COMPANY,
Plaintiff-Appellant,

v.

HORACE MANN INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 2004AP1899. Submitted on briefs December 16, 2004.
—Decided August 25, 2005.*

2005 WI App 237

(Also reported in 707 N.W.2d 280.)

419

420

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jeffrey A. Schmeckpeper* and *Patti J. Kurth* of *Kasdorf, Lewis & Swietlik, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jay R. Starrett* and *Molly Zillig* of *Whyte Hirschboeck Dudek, S.C.*, Milwaukee.

Before Dykman, Deininger and Higginbotham, JJ.

¶ 1. DYKMAN, J. Employers Mutual Casualty Company (Employers) appeals from a declaratory judgment in favor of Horace Mann Insurance Company (Horace Mann). Employers had asked the trial court to declare that Horace Mann breached its duty to defend two separate Columbia County civil lawsuits in which

Michael Bailey, a teacher, was a named defendant. The trial court declined to do so. Because we determine that Bailey's conduct did not fall within Horace Mann's policy coverage, we conclude that Horace Mann did not have a duty to defend or indemnify Bailey in the lawsuits. We therefore affirm.

### *Background*

¶ 2. Employers issued an insurance policy to Bailey, part of which provided coverage for "[e]mployees of [the Portage County School District] while acting within their scope of duties while conducting the business of the [school district]." Horace Mann issued an insurance policy to the Wisconsin Education Association Council, of which Bailey was a member. Part of Horace Mann's policy provided coverage for "loss . . . sustained by the **Insured** by reason of liability imposed by law for damage caused by an **occurrence** in the course of the **Insured's educational employment activities**."

¶ 3. Bailey was named as a defendant in two civil suits filed in Portage County Circuit Court, *Shaben, et al. v. Bailey, et al.* (Case No. 2000CV275), and *Hughan, et al. v. Bailey, et al.* (Case No. 2000CV276). *Shaben* involved allegations by minor plaintiffs that Bailey committed sexual battery and offensive bodily conduct. Bailey was accused of inappropriately touching, squeezing, and pinching the buttocks, breasts, and hips of minor plaintiffs. In *Hughan*, Bailey was accused of forcibly grabbing, squeezing, shaking, and punching minor plaintiffs, leading to bruising. In both lawsuits, Employers defended Bailey. Employers settled the claims against Bailey for $300,000.

¶ 4. Although Horace Mann was notified of the lawsuits involving Bailey, it did not provide a defense

for any of the claims made against him. After Employers settled the lawsuits against Bailey, it brought a motion for declaratory relief seeking judgment against Horace Mann for failing to pay for defense and settlement costs. The trial court held that although Horace Mann had a duty to defend Bailey, it did not breach that duty because the "Other Insurance" clause[1] in Horace

---

[1] The "Other Insurance" provision of Horace Mann's policy states:

> This is a manuscript contract and is personal to the individual **Insured** named herein. It was written and priced to reflect the intent of all parties that this policy is in excess of any and all other insurance policies, insurance programs, self-insurance programs, and defense and indemnification arrangements whether primary, excess, umbrella or contingent and whether collectible or not, to which the **Insured** is entitled or should have been entitled, by contract or operation of law, to coverage or to payment including, but not limited to, payment of defense and/or indemnification. Further, it is the intent of the parties that the coverage afforded in this policy does not apply if the **Insured** has other valid and collectible insurance of any kind whatsoever whether primary or excess, or if the **Insured** is entitled to defense or indemnification from any other source whatsoever, including by way of example only, such sources as state statutory entitlements or provisions, except any excess beyond the amount which would have been payable under such other policy or policies or insurance program or defense or indemnification arrangement had this policy not been in effect. Other valid and collectible insurance includes, but is not limited to, policies or insurance programs of self-insurance purchased or established by or on behalf of an **educational unit** to insure against liability arising from activities of the **educational unit** or its **employees**, regardless of whether or not the policy or program provides primary, excess, umbrella, or contingent coverage. The **Insured** shall cooperate with the Company to determine the existence, availability and coverage of any such other insurance policy, insurance program, or defense or indemnification arrangement.

> This policy is specifically excess over coverage provided by school district or school board errors and omissions or general liability policies purchased by the **Insured's** employer or former

Mann's policy of insurance with Michael Bailey made the policy excess to Employer's policy. Therefore, Horace Mann had no obligation to defend or indemnify Bailey for the claims made against him. Employers appeals.

### *Standard of Review*

¶ 5. Because this case requires us to interpret the terms of an insurance policy, our review is de novo. *Greene v. Gen. Cas. Co.*, 216 Wis. 2d 152, 157, 576 N.W. 2d 56 (Ct. App. 1997). Additionally, this case requires us to determine whether an insurance company has a duty to defend an insured, which is also subject to de novo review. *Grube v. Daun*, 173 Wis. 2d 30, 72, 496 N.W. 2d 106 (Ct. App. 1992).

### *Analysis*

¶ 6. We must decide whether Horace Mann had a duty to defend Bailey. Employers argues that Horace Mann breached its duty to defend. We disagree. To determine whether there was a duty to defend, we compare the allegations in the complaint to the relevant portions of the insurance policy. *State Farm Fire & Cas. Co. v. Acuity*, 2005 WI App 77, ¶ 7, 286 Wis. 2d 624, 695 N.W.2d 883. The insurer has a duty to defend whenever

---

employer and it is specifically excess over coverage provided by any School Leaders Errors and Omissions Policy purchased by the **Insured's** employer or former employer and it is specifically excess over coverage provided by any policy of insurance which purports to be excess to or recites that it is excess to a policy issued to the **Insured** for the benefit of members of the National Education Association.

the allegations in the complaint, if proven, create a possibility of recovery that falls under the terms and conditions of the insurance policy. *Id.* We conclude that this requirement was not met here.

¶ 7. Employers argues that Bailey's conduct fell within the terms of Horace Mann's policy under the "Coverage A—Educators Liability" provision of the policy.[2] Employers asserts that because Bailey's alleged conduct stemmed from his interactions with students, the conduct occurred in the course of his "educational employment activities." If Bailey's conduct can accurately be described as "educational employment activities," then Horace Mann would have a duty to defend Bailey.

¶ 8. When an insurer breaches a duty to defend the insured, the insurer is responsible for all defense costs. *Loosmore v. Parent*, 2000 WI App 117, ¶ 21, 237 Wis. 2d 679, 613 N.W.2d 923. To determine whether the allegations against Bailey are properly within the terms of Horace Mann's policy requires us to interpret the "Coverage A—Educators Liability" provision of the policy. We construe insurance policies to give effect to the intent of the parties. *State Farm Mut. Auto. Ins. Co. v. Langridge*, 2004 WI 113, ¶ 15, 275 Wis. 2d 35, 683 N.W.2d 75. To do so, we give the words in the insurance policy the meaning a reasonable person in the position

---

[2] Coverage A—Educators Liability of Horace Mann's policy reads:

HMIC agrees to pay on behalf of the **Insured** any and all loss, subject to the limit of liability, as set out in the declarations page for Coverage A. Such loss must be sustained by the **Insured** by reason of liability imposed by law for damage caused by an **occurrence** in the course of the **Insured's educational employment activities**.

of the insured would have understood the words to mean. *Id.* If a policy is ambiguous as to coverage, it will be construed in favor of the insured. *Id.* An insurance policy is ambiguous if its language is susceptible to more than one reasonable interpretation. *Id.* We will interpret the words of an insurance contract against the insured when the insurer's interpretation conforms to what a reasonable person in the position of the insured would have understood the words to mean. *Id.*

¶ 9. Here, the provision is not ambiguous because "educational employment activities" is defined within the policy and the definition excludes the alleged misconduct for which Bailey was sued.[3] Where an ambiguity does not exist, we apply the policy to the situation

---

[3] "The term **Educational Employment Activities** means the activities of the **Insured** performed:

> 1. pursuant to the express or implied terms of his or her employment by an **educational unit**;

> 2. at the express request or with the express approval of his or her supervisor, provided that, at the time of such request or approval, the supervisor was performing what would appear to be his or her **educational employment activities** within the meaning of Part II(E)(1); or

> 3. as a member of a state board or commission which has as its primary purpose the licensure or certification of educators, or the setting of standards for such licensure or certification.

**Educational Employment Activities** does not include the activities of the **Insured** performed:

> 1. as part of the collective bargaining process; or

> 2. while acting in the capacity, whether paid or unpaid, of: a board member, a trustee, a director, a governor; or in a similar capacity, in a governing body of NEA or an NEA affiliate, or an **educational unit**."

and do not engage in construction. *Quevillon v. State Farm Fire & Cas. Co.*, 177 Wis. 2d 160, 164, 501 N.W.2d 855 (Ct. App. 1993). In applying the policy to Bailey's alleged conduct, we conclude that Bailey's alleged conduct did not constitute "activities . . . performed pursuant to the express or implied terms of his . . . employment," the contract's definition of "educational employment activities."

¶ 10. The trial court noted that student interactions were within the implied terms of Bailey's employment. However, the narrower question is whether the specific interactions with students alleged in the two civil lawsuits against Bailey were within the terms of Bailey's employment. Groping and bruising cannot be said to be within the terms of Bailey's employment, even though the conduct may involve student interaction. This conclusion is consistent with *Desotelle v. Continental Casualty Co.*, 136 Wis. 2d 13, 400 N.W. 2d 524 (Ct. App. 1986), *overruled in part on other grounds, Kruckenberg v. Harvey*, 2005 WI 43, 279 Wis. 2d 520, 694 N.W. 2d 879. There, we held that a police officer's conduct in falsely imprisoning and sexually assaulting a woman while on duty was outside the scope of his employment because the conduct was so extraordinary and too disconnected from the type of services ordinarily contemplated. *Id.* at 17. The officer discovered the woman and her boyfriend in a parked car, allegedly suspected underage drinking, and removed the woman to his squad car for questioning. *Id.* at 18. While in the squad car, he sexually assaulted her. *Id.* Thus, although the officer was acting in an official capacity, his conduct and behavior was beyond the terms of his employment. Similarly, in the present case, Bailey was acting beyond the implied or explicit terms of his employment.

¶ 11. The trial court determined that Horace Mann had a duty to defend because it felt that "[o]nly upon complete determination of the issues in the form of trial would the court be able to determine whether the acts complained of truly fell outside of [Bailey's] 'educational employment activities,' were intentional in nature, or were just careless and rude conduct." Although this is true, it is not the appropriate analysis for determining whether an insurer has a duty to defend the insured for alleged behavior.

¶ 12. To determine whether an insurer has a duty to assume the defense of a third-party suit, we must decide whether the complaint alleges facts, which if proven, would give rise to liability covered under the terms and conditions of the policy. *Sola Basic Industries, Inc. v. U. S. Fidelity & Guaranty Co.*, 90 Wis. 2d 641, 646, 280 N.W.2d 211 (1979). The complaints in both *Shaben* and *Hughan* allege intentional, offensive, and willful conduct. We must take these allegations in the complaints to be true, and then decide whether the conduct fell within the terms of Horace Mann's policy. The allegations in the complaints that Bailey committed intentional sexual battery, civil battery, and bodily harm do not fall within the policies' coverage for "educational employment activities." Thus, we conclude Horace Mann did not have a duty to defend Bailey.[4]

[4] We are not alone in concluding that the type of intentional misconduct alleged against Bailey does not come within the definition of "educational employment activities" in the Horace Mann policy. *See Horace Mann Ins. Co. v. Fore*, 785 F. Supp. 947 (D. Ala. 1992).

¶ 13. Similarly, Horace Mann did not have a duty to indemnify Bailey, or to pay the settlement costs in the two lawsuits. Although the duty to defend and the duty to indemnify are distinct, coverage is the necessary precondition for both. *See Smith v. Katz*, 226 Wis. 2d 798, 806–07, 595 N.W.2d 345 (1999). The duty to indemnify ultimately requires a finding of actual coverage, and that point is not reached unless we at least find arguable coverage. *Id.* Because we conclude that Bailey's activities were not arguably covered by Horace Mann's policy, Horace Mann did not have a duty to indemnify.

¶ 14. Because we decide that Horace Mann did not have a duty to defend Bailey, we are not required to resolve which of the two policies is primary and which is excess. Additionally, because both Employers' and Horace Mann's policies can be given effect, the policies are not repugnant to each other and prorating of losses is not required as Employers suggests. Finally, because we do not reach the issue of which policy is primary and which is excess, we likewise do not reach Employers' argument that Horace Mann's "Other Insurance" clause violates Wisconsin law.

*By the Court.*—Judgment affirmed.