Robert C. NEWHOUSE, by his Guardian ad Litem, Ardell W. Skow, Charles E. Newhouse and Bonnie Newhouse, Plaintiffs-Respondents-Cross Appellants-Petitioners,

v.

CITIZENS SECURITY MUTUAL INSURANCE COMPANY, Defendant-Third Party Plaintiff-Appellant-Cross Respondent-Cross Petitioner,†

Floyd OMANN, Don Paul Novitzke and XYZ Insurance Company, Third Party Defendants.

Supreme Court

*No. 91–1802. Oral argument April 28, 1993.—Decided June 15, 1993.*

(Also reported in 501 N.W.2d 1.)

† Motion for reconsideration filed July 6, 1993.

825

826

827

For the plaintiffs-respondents-cross appellants-petitioners there were briefs by *Ardell W. Skow, Matthew A. Biegert* and *Doar, Drill & Skow, S.C.,* New Richmond and oral argument by *Matthew A. Biegert.*

For the defendant-third party plaintiff-appellant-cross respondent-cross petitioner there were briefs by *Terrence M. Gherty, Susan Schleif Gherty* and *Gherty and Gherty, S.C.,* Hudson and oral argument by *Susan Schleif Gherty.*

Amicus Curiae brief was filed by *Linda M. Clifford, Noreen J. Parrett* and *LaFollette & Sinykin,* Madison for The National Association of Independent Insurers and The Wisconsin Insurance Alliance.

JON P. WILCOX, J. This is a review of a published court of appeals decision[1] that affirmed in part, and reversed in part, a summary judgment by circuit court Judge Gregory A. Peterson. The circuit court found that Citizen's Security Mutual Insurance Company (Citizens) breached its duty to defend its insured, Floyd Omann. The judgment awards Floyd's assignees, Robert C. Newhouse and his parents, over $724,000, representing the amount of an excess judgment against Floyd Omann in an underlying personal injury action.

The Newhouses now seek review of that portion of the court of appeals' decision which reversed the circuit court's judgment awarding them the full amount of the excess judgment against Floyd Omann. The court of appeals held that the measure of damages for breach of the insurer's duty to defend is the policy limits plus interest together with costs and attorney fees in defending the suit. The Newhouses also seek review of the portion of the court of appeals' decision affirming the circuit court's summary judgment dismissing their tort claims, including a claim of bad faith, against Citizens. Citizens seeks cross review of that part of the court of appeals' decision affirming the circuit court's conclusion that Citizens breached its duty to defend its insured. Citizens also seeks cross review of the court of appeals' decision affirming the award of costs and attorney fees to Floyd Omann and his attorney, Don Paul Novitzke,

---

[1] *Newhouse v. Citizens Security Mut. Ins. Co.,* 170 Wis. 2d 456, 489 N.W.2d 639 (Ct. App. 1992) *(Newhouse II).* In a previous appeal arising out of the underlying personal injury action, the court of appeals held that Floyd Omann had coverage under Citizens' $50,000 homeowner's liability policy. *Newhouse v. Laidig, Inc.,* 145 Wis. 2d 236, 426 N.W.2d 88 (Ct. App. 1988) (*Newhouse I*), rev. den. 145 Wis. 2d 912, 428 N.W.2d 559 (1988).

for Citizens' frivolous third-party claim against them for contribution and indemnity.

The parties raise the following issues for our review:

(1) Did Citizens Security Mutual Insurance Company breach a contractual duty to defend its insured, Floyd Omann?

(2) What is the proper measure of damages for breach of an insurer's duty to defend?

(3) Did the circuit court properly dismiss the Newhouses' tort claims against Citizens?

(4) Were Floyd Omann and attorney Don Paul Novitzke properly awarded costs and attorney fees under sec. 814.025, Stats., for Citizens' third party claim seeking contribution and indemnity from them?

We conclude that: (1) Citizens breached its duty to defend its insured, Floyd Omann; (2) a party aggrieved by an insurer's breach of its duty to defend is entitled to recover all damages naturally flowing from the breach; (3) Newhouses' tort claims against Citizens were properly dismissed on summary judgment; and (4) Citizens' claims for contribution were frivolous and costs were properly imposed under sec. 814.025, Stats.

It is an understatement to describe the facts and procedural history of this case as complex. Fortunately, the facts are undisputed. The present lawsuit is the aftermath of a negligence action brought by Robert Newhouse for injuries he sustained in a tragic farm accident. On October 14, 1983, four-year-old Robert Newhouse was seriously injured when he became entangled in a silo unloader while under the care of his uncles, Timothy and Floyd Omann. The silo and silo unloader were owned by Timothy Omann who rented the farm from his parents. Floyd Omann, Timothy's brother, lived with his parents some distance from the farm.

Floyd was at the farm helping Timothy with farm chores on the day of the accident. Floyd was insured under a homeowner's policy issued to his parents carrying a liability limit of $50,000.

At the time of the accident, Robert Newhouse was with Timothy and Floyd who were cleaning out the remaining corn in the bottom of the silo. A clog developed in the silo unloader which required work outside the silo. Timothy and Floyd left Robert in the silo while attending to the problem. The unloader was left running and Robert became entangled in the machinery, resulting in the loss of one leg and serious injury to the other.

On April 1, 1985, Robert Newhouse and his parents commenced a lawsuit against the Omann brothers and others for their alleged negligence in the farm accident. Citizens was not initially named as a defendant. Attorney Don Paul Novitzke filed an answer for Floyd Omann denying liability and then tendered the defense to Citizens.

On January 24, 1986, Citizens commenced an action against its insured, Floyd Omann, seeking a declaratory judgment that its homeowner's policy excluded coverage because the accident did not occur on the insured's premises. Before the circuit court could rule, Robert Newhouse joined Citizens in his negligence lawsuit and Citizens raised the issue of coverage as a defense in that lawsuit as well. Circuit court Judge John G. Bartholomew presided over both actions. On January 12, 1987, Judge Bartholomew issued a declaratory judgment that Citizens' policy did not provide coverage for this accident. There was no appeal from the declaratory judgment. On June 4, 1987, Judge Bartholomew issued an identical no coverage ruling in Robert Newhouse's personal injury action and dismissed Citizens from the lawsuit. The Newhouses and other defendants, except Floyd

Omann, appealed the no coverage ruling in the personal injury action.

While the coverage appeal was pending in the court of appeals, Robert's personal injury action proceeded to trial on the merits. Prior to trial, the trial court inquired of Citizens whether it wanted a continuance pending resolution of the coverage appeal and was advised in the negative. The trial began on September 14, 1987. Neither Floyd Omann nor Citizens participated in the personal injury trial. During the course of the trial, each of the defendants settled separately with the Newhouses except Floyd Omann. The trial court dismissed the jury and the case against Floyd Omann was tried without participation by Floyd or Citizens. The trial court apportioned negligence 35% to Floyd Omann, 35% to Timothy Omann and 30% to various machinery manufacturers. Total damages were assessed at $1,281,743.17. On October 15, 1987, judgment was entered against Floyd Omann in the amount of $588,003.70.

On May 17, 1988, the court of appeals decided *Newhouse I,* which held that Citizens' policy provided coverage to Floyd Omann for the negligence alleged in the lawsuit. After the *Newhouse I* decision, Citizens paid its policy limits of $50,000 together with $77,000 interest and costs into the St. Croix county clerks office pending resolution of its petition for review to us which was eventually denied. Citizens also paid Floyd's attorney fees to that point.

Floyd Omann assigned any claims he may have against Citizens to the Newhouses. On August 24, 1989, pursuant to that assignment, the Newhouses commenced the present lawsuit against Citizens. The Newhouses' complaint alleged several causes of action including bad faith, negligence, intentional infliction of emotional stress, and breach of the contractual duty to

defend. Citizens filed a third-party claim for contribution against Floyd Omann and his attorney Don Paul Novitzke alleging that their negligence in failing to defend in the personal injury lawsuit increased the damages against Floyd.

The trial court granted summary judgment to the Newhouses on the breach of contract claim and awarded damages in the sum of $724,003.92, representing the full amount of the judgment against Floyd Omann in the underlying personal injury action together with interest and costs. The trial court dismissed the Newhouses' other causes of action. The trial court also found that Citizens' contribution claims against Floyd Omann and Novitzke were frivolous and awarded actual costs and attorney fees.

The court of appeals in *Newhouse II* affirmed the trial court's judgment on all issues except it reversed that part of the summary judgment awarding damages for the full amount of the personal injury judgment against Floyd Omann. The court of appeals concluded that the proper measure of damages for an insurer's breach of its duty to defend is limited to the policy limits plus interest together with costs and the aggrieved party's attorney fees in defending the suit. We granted the Newhouses' petition for review and Citizens' cross-petition for review.

I.

The first issue is whether Citizens breached a contractual duty to defend its insured, Floyd Omann. Whether an insurer has breached a contractual provision of an insurance policy is a question of law. *Elliott v. Donahue,* 169 Wis. 2d 310, 316, 485 N.W.2d 403 (1992).

This court decides questions of law without deference to the lower courts. *Id.*

The liability coverage portion of the insurance policy issued by Citizens specifically provided:

> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury or property damage** to which this coverage applies, we will:
>
> > a. pay up to our limit of liability for the damages for which the **insured** is legally liable: and
> >
> > b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability. (emphasis in original).

The nature of the insurance contract as well as the language of Citizens' policy contemplated that indemnification and a defense were to be provided to the insured in exchange for the insured's premium payments. *Elliott,* 169 Wis. 2d at 321.

Recently, in *Elliott,* we discussed the insurance company's contractual duties of indemnification and defense:

> In return for the premiums paid by the insured, the insurance company assumes the contractual duties of indemnification and defense for claims described in the policy . . .. An insurance carrier's duty to defend [sic] insured in a third-party suit is broader than its duty of indemnification and is predicated on allegations in a complaint which, if proved,

would give rise to recovery under the terms and conditions of the insurance policy. *Sola Basic Industries, Inc. v. U.S. Fidelity & Guaranty Co.,* 90 Wis. 2d 641, 646, 280 N.W.2d 211 (1979). The duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim. *Grieb v. Citizens Casualty Co.,* 33 Wis. 2d 552, 558, 148 N.W.2d 103 (1967). If there is any doubt about the duty to defend, it must be resolved in favor of the insured. *Sola,* 90 Wis. 2d at 646-47. *See also* Appleman, *Insurance Law and Practice,* sec. 4682 at 27 (Berdal ed. 1979). If the insurance company refuses to defend it does so at its own peril. Indemnification and defense for claims falling within the parameters of the insurance policy are the two primary benefits received by the insured from a contract of insurance.

*Elliott,* 169 Wis. 2d at 320-21. The above quote applies to the instant case.

Citizens argues that it was entitled to rely on the circuit court's decision that no coverage existed under its policy until the court of appeals reversed that decision. Citizens asserts that it was not required to defend Floyd Omann at the liability trial because that trial occurred after the circuit court ruled there was no coverage under Citizens' policy and before the court of appeals reversed that determination. We disagree.

The duty to defend is triggered by the allegations contained within the four corners of the complaint. *Elliott,* 169 Wis. 2d at 320-21; *Grieb v. Citizens Casualty Co.,* 33 Wis. 2d 552, 557-58, 148 N.W.2d 103 (1967). In the instant case, Floyd Omann was an insured under Citizens' policy. There is no doubt that the allegations against Floyd Omann, if proved, would give rise to liability under the insurance policy. Citizens' duty to defend was triggered by the Newhouses' complaint and became

835

effective when Attorney Don Paul Novitzke tendered Floyd Omann's defense to Citizens.

■

"An insurer does not breach its contractual duty to defend by denying coverage where the issue of coverage is fairly debatable as long as the insurer provides coverage and defense once coverage is established." *Elliott,* 169 Wis. 2d at 317. However, when coverage is not determined before a liability trial, the insurer must provide a defense for its insured with regard to liability and damages. *Id.,* 169 Wis. 2d at 318.

In *Elliott,* we clearly stated that the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved. *Id.* When this procedure is followed, the insurance company runs no risk of breaching its duty to defend.

■

Citizens did not follow the proper procedure. Citizens refused to accept the circuit court's offer to stay the liability trial until the appeal on the coverage issue was final. Citizens argues that it was entitled to rely on the circuit court's determination that there was no coverage under the policy. However, the circuit court's no coverage determination was not a final decision because it was timely appealed. An insurance company breaches its duty to defend if a liability trial goes forward during the time a no coverage determination is pending on appeal and the insurance company does not defend its insured at the liability trial. When an insurer relies on a lower court ruling that it has no duty to defend, it takes the risk that the ruling will be reversed on appeal.

In cases where a coverage decision is not final before the trial on liability and damages occurs, the insurance company must provide a defense to its insured. *Elliott,* 169 Wis. 2d at 318; *Mowry v. Badger State Mut. Cas. Co.,* 129 Wis. 2d 496, 528–29, 385 N.W.2d 171 (1986). The best approach is for the insurance company to defend under a reservation of rights.

In *Mowry,* the insurance company followed the proper bifurcation procedure, and we held that no breach of the duty to defend occurred. The coverage issue was determined first and coverage was held to apply. The insurance company then provided a defense.

We conclude that Citizens breached its duty to defend Floyd Omann when it failed to provide him with a defense at the liability and damage trial.

## II.

Next we must address the proper measure of damages for an insurer's breach of its contractual duty to defend. This is a question of law which this court decides independently and without deference to the lower courts.

The general rule is that where an insurer wrongfully refuses to defend on the grounds that the claim against the insured is not within the coverage of the policy, the insurer is guilty of a breach of contract which renders it liable to the insured for all damages that naturally flow from the breach. *See Thorp Sales Corp. v. Gyuro Grading Co. Inc.,* 111 Wis. 2d 431, 438, 331 N.W.2d 342 (1983); Annotation, *Consequences of liability insurer's refusal to assume defense of action against insured upon ground that claim upon which action is based is not*

*within coverage of policy,* 49 A.L.R. 2d 694, 711 (1956 & A.L.R. 2d Later Case Service 1987). Damages which naturally flow from an insurer's breach of its duty to defend include: (1) the amount of the judgment or settlement against the insured plus interest; (2) costs and attorney fees incurred by the insured in defending the suit; and (3) any additional costs that the insured can show naturally resulted from the breach.

The controversy in this case focuses on whether the insured is entitled to recover the amount of the judgment against him that exceeded the insurance policy limits. Citizens argues that absent a finding of bad faith, the proper measure of damages is the policy limits plus interest, costs, and attorney fees. The Newhouses argue that Citizens is liable for all consequential damages flowing from the breach which include the excess judgment rendered against Floyd Omann.

We conclude that an excess judgment is properly included in the damages for breach of an insurer's duty to defend, if the excess judgment was a natural or proximate result of the breach. The insurance company must pay damages necessary to put the insured in the same position he would have been in had the insurance company fulfilled the insurance contract. Policy limits do not restrict the damages recoverable by an insured for a breach of the contract by the insurer. *Comunale v. Traders & General Ins. Co.,* 328 P.2d 198, 201 (Cal. 1958); *Stockdale v. Jamison,* 330 N.W.2d 389, 392–93 (Mich. 1982).

We conclude that when an insurance company fails to follow the proper procedure of requesting a bifurcated trial on the issues of coverage and liability and an excess judgment is rendered against the insured before the cov-

erage issue is finally determined, the excess judgment is a natural and proximate cause of the insurance company's breach of its duty to defend for which it is liable. In the instant case, Citizens failed to accept the trial court's offer of a continuance in the liability trial until the coverage issue was resolved on appeal.

In cases where the coverage and liability issues are not bifurcated, insurance companies can protect themselves by defending under a reservation of rights. In this way the insurer gives up none of its rights should it ultimately be determined that coverage does not exist under the policy.

The court of appeals pointed out that in some jurisdictions the rejection of an offer of settlement is a precondition to recovery in excess of the policy limits. *Newhouse II*, 170 Wis. 2d at 470. While a rejected settlement offer is one factor that can be considered to prove damages in excess of policy limits, we believe other factors may also be considered such as the insurer's refusal to request a continuance in the liability trial. We do not agree with those jurisdictions that require a showing of bad faith before an insurer can be held liable for an excess judgment rendered against its insured. We believe an excess judgment can result from an insurer's breach of its duty to defend in the absence of bad faith.

Citizens failed to accept the trial court's offer of a continuance in the liability trial and breached its duty to defend. We conclude that Citizens is liable for the entire excess judgment rendered against Floyd Omann.

### III.

The third issue is whether the circuit court properly dismissed the Newhouses' tort claims alleging negli-

gence, bad faith and intentional infliction of emotional distress. We do not address this issue because we have awarded the full amount of the excess judgment as damages for the breach of contract by Citizens. We affirm the dismissal of the Newhouses' tort claims against Citizens.

## IV.

The fourth issue is whether Floyd Omann and attorney Don Paul Novitzke were properly awarded costs and attorney fees under sec. 814.025, Stats., because Citizens' third party claim seeking contribution and indemnity from them was frivolous. We conclude that Citizens' third party claim seeking contribution and indemnity from Omann and Novitzke was frivolous and that costs and attorney fees were properly awarded under sec. 814.025.

Section 814.025(3)(b), Stats., provides that in order for a claim to be frivolous, the court must find:

> The party or the party's attorney knew, or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Citizens argues that the contribution claim against Omann and Novitzke was not frivolous because the Newhouses' complaint alleged negligence and it was appropriate for Citizens to join Omann and Novitzke as joint tort-feasors. Citizens contends that Omann and Novitzke were negligent for failing to defend in the personal injury trial and as a result the damages awarded to the Newhouses were higher.

We agree with and adopt the following reasoning of the circuit court on this issue:

> The problem that I have with Citizens' logic is threefold. First, Citizens was denying coverage to Omann which it had every right to do. However, when it simultaneously failed to provide a defense to Omann, it adopted an extremely risky strategy. It left Omann high and dry. Omann and Novitzke's negligence, if any, was precipitated by Citizens' failure to provide a defense.
>
> Second and more fundamentally, neither Omann nor Novitzke ever owed any duty to Citizens. They had no duty to exercise ordinary care for Citizens' benefit.
>
> Third, and finally, Omann and Novitzke were not joint tort-feasors with Citizens in any manner of speaking. Their actions were completely independent of Citizens' actions. Contribution is only available from joint tort-feasors.

Furthermore, as to the contribution claim against attorney Novitzke, the well established rule of law in Wisconsin is that absent fraud or certain public policy considerations, an attorney is not liable to third parties for acts committed in the exercise of his duties as an attorney. *See Green Springs Farms v. Kersten,* 136 Wis. 2d 304, 321–22, 401 N.W.2d 816 (1987); *Auric v. Contintental Cas. Co.,* 111 Wis. 2d 507, 512, 331 N.W.2d 325 (1983). There was no attorney-client relationship between Novitzke and Citizens. There clearly was no fraud in this case and Citizens has made no public policy arguments that would defeat application of the general rule. Citizens should have known that the contribution claim against Novitzke was without a reasonable basis in law or equity and could not be supported by a good faith

argument for an extension, modification or reversal of the existing law.

In conclusion, we reverse that portion of the court of appeals decision limiting damages for Citizens' breach of its contractual duty to defend to the policy limits plus costs and attorney fees. We remand to the circuit court for reinstatement of the original judgment awarding the full excess judgment as damages. We affirm the court of appeals on all other issues.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and remanded.

STEINMETZ, J. (*dissenting*). The majority concludes that "the excess judgment [in this case] is a natural and proximate cause of the insurance company's breach of its duty to defend." Majority op. at 839. However, the majority does not explain its reasoning for this legal conclusion. Clearly, the child was permanently and severely injured, and the trial court determined the value of those injuries. The record before us does not indicate whether or by how much the trial court's valuation of the child's injuries would have changed had the insurance company's attorney defended Floyd Omann. In short, I see only a deep pocket conclusion by the majority.

The trial court, Honorable John G. Bartholomew, after deciding the coverage issue, offered to adjourn the trial on liability and damages until the coverage issue was conclusively decided on appeal. Citizens did not accept this offer. From the majority's opinion, it appears that an insurance company which challenges coverage is entitled to an adjournment of the trial on liability and damages until the coverage issue is finally determined on

appeal or until after the time for appeal has passed, even if an adjournment is not offered by the trial court.

The majority states as follows: "However, when coverage is not determined before a liability trial, the insurer must provide a defense for its insured with regard to liability and damages." Majority op. at 836. Certainly, this statement means that when the trial court finds that the insurance policy at issue does not provide coverage, the insurance company is still obligated to defend its insured until the time for appeal of that ruling has passed or the coverage issue is finally resolved on appeal. Therefore, an insurance company is entitled to an adjournment of the trial on liability and damages until the coverage issue is finally and conclusively resolved.

The majority states as follows: "In *Elliott,* we clearly stated that the proper procedure for an insurance company to follow when coverage is disputed is to request a bifurcated trial on the issues of coverage and liability and move to stay any proceedings on liability until the issue of coverage is resolved." Majority op. at 836. Certainly, an insurance company is therefore entitled to an adjournment of the trial on liability and damages until final resolution of the coverage issue.

The majority cites *Thorp Sales Corp. v. Gyuro Grading Co.,* 111 Wis. 2d 431, 438, 331 N.W.2d 342 (1983) as authority for the following general rule: "[W]here an insurer wrongfully refuses to defend on the grounds that the claim against the insured is not within the coverage of the policy, the insurer is guilty of a breach of contract which renders it liable to the insured for all damages that naturally flow from the breach." Majority op. at 837. *Thorp* did not involve a dispute over insurance; it involved a suit by an auctioneer against a private corporation for failure to "produce specified

goods at a scheduled auction." *Thorp,* 111 Wis. 2d at 432–33.

It would be unethical for a trial judge to award additional damages to an injured party in order to punish an insurance company which failed to defend its insured at trial, when said failure was not in bad faith. Valuation of damages is based exclusively upon the extent of the injuries sustained by the injured party.

The majority suggests that an insurance company can protect itself by a reservation of rights. This would mean that a defendant insurance company can represent its insured at the liability trial but reserve its right to challenge coverage. The majority fails to explain what recovery the insurance company can expect from its insured if the coverage issue is ultimately resolved in favor of the insurance company. Will the company recover the funds expended to defend its insured? I doubt it.

For the foregoing reasons, I would affirm the court of appeals. Accordingly, I dissent.