Eleanor LAST, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 98–3424. Submitted on briefs April 4, 2000.—Decided
July 5, 2000.*

2000 WI App 169

(Also reported in 617 N.W.2d 215.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Timothy S. Knurr* of *Schoone, Fortune, Leuck, Kelley & Pitts, S.C.*, of Racine.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Frederick J. Smith* of *Peterson, Johnson & Murray, S.C.*, of Milwaukee.

Before Fine, Schudson and Curley, JJ.

¶ 1. CURLEY, J. Eleanor Last appeals the trial court's grant of summary judgment to American Family Mutual Insurance Company (American Family). Last argues that the trial court erred in ruling that, because of an exclusion in Last's homeowner's insurance policy, American Family had no obligation to defend her or indemnify her when Joann Zalar, hired to care for Last's disabled husband, filed a worker's compensation claim. Last contends that, since Zalar could arguably have been considered a domestic servant, an exempt employee under the worker's compensation law, American Family should have provided her with a defense. In applying the well-established test that an insurance company's duty to defend is triggered by the allegations contained within the four corners of the complaint, as set forth in *Newhouse v. Citizens Security Mutual Insurance Co.*, 176 Wis. 2d 824, 835, 501 N.W.2d 1 (1993); *see also Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 557–58, 148 N.W.2d 103 (1967), we conclude that all of Zalar's allegations fell within

American Family's worker's compensation policy exemption and, consequently, American Family owed no duty to Last. Therefore, we affirm.

## I. BACKGROUND.

¶ 2. Last hired Zalar to assist in the care of her disabled husband who lived at home. Zalar worked for Last from July 1994 through approximately May 1996. In her application for worker's compensation benefits, Zalar alleged that while working on December 22, 1995, she was injured while moving Last's husband without the use of a mechanical lift because it had malfunctioned. Zalar contends that, as a result, she experienced low back pain and left leg problems that eventually resulted in her undergoing a lumbar laminectomy. Last did not have any worker's compensation insurance and she tendered the defense of Zalar's claim to American Family under her homeowner's insurance policy. After receiving Last's letter, American Family wrote Last a "Reservation of Rights" letter explaining that the company was forwarding her request to its legal department. American Family ultimately informed Last that an exclusion in her policy for worker's compensation obligations covered Zalar's allegations and, therefore, American Family would neither defend her nor indemnify her in this matter.

¶ 3. Last then hired an attorney to represent her in the worker's compensation suit. In the initial stages of the Zalar litigation, Last argued that Zalar was not an "employee" under the Worker's Compensation Act because Zalar was a domestic servant and domestic servants are ineligible for benefits as they are excluded from the definition of "employee" found in WIS. STAT.

§ 102.07(4) (1995–96).[1] She also disputed whether Zalar's disability was the result of the December 22, 1995, incident. Eventually, however, Last and Zalar entered into a compromise agreement with Last paying Zalar $15,000. Last also paid her own attorney approximately $6,500 in legal fees.

¶ 4. Last then sued American Family claiming, *inter alia*, that American Family failed to properly determine Last's rights under the policy and breached its duty to defend her. Last sought reimbursement from American Family for: (1) the $15,000 settlement amount; (2) the attorney fees she incurred in settling the worker's compensation suit; and (3) her attorney fees in this suit. Both parties filed summary judgment motions. The trial court granted American Family's motion, determining that American Family had not breached any duty to defend Last because, had Zalar proved her allegations, the policy exclusion would have applied.

---

[1] WISCONSIN STAT. § 102.07(4) provides:

(4) (a) Every person in the service of another under any contract of hire, express or implied, all helpers and assistants of employes, whether paid by the employer or employe, if employed with the knowledge, actual or constructive, of the employer, including minors, who shall have the same power of contracting as adult employes, but not including the following:

1. Domestic servants.

2. Any person whose employment is not in the course of a trade, business, profession or occupation of the employer, unless as to any of said classes, the employer has elected to include them.

(b) Par. (a) 2. shall not operate to exclude an employe whose employment is in the course of any trade, business, profession or occupation of the employer, however casual, unusual, desultory or isolated the employer's trade, business, profession or occupation may be.

## II. Analysis.

¶ 5. Last argues that the trial court erred in ruling in favor of American Family. Last acknowledges that the policy had an exclusion for worker's compensation law suits, but she submits that American Family was obligated to do more than simply look at Zalar's complaint when making its decision on coverage. Last posits that because the worker's compensation law exempts domestic servants from the definition of employee, and because she believed that Zalar performed the duties of a domestic servant, it was "debatable" whether Zalar's work-related medical problems were covered by the Workers' Compensation Act and, if her assertions were correct, the policy exclusion would not apply. Coupling her contention with what she believed to be American Family's broad duty to defend, Last submits that American Family breached its duty to defend her.

¶ 6. Last contends that the circumstances present here are comparable to those in *Monfils v. Charles*, 216 Wis. 2d 323, 575 N.W.2d 728 (Ct. App. 1998), where the underlying third-party complaint created an ambiguity as to whether an exclusion applied and, as a consequence, the insurance company was required to defend the insured. For additional support, Last cites *School District of Shorewood v. Wausau Insurance Cos.*, 170 Wis. 2d 347, 488 N.W.2d 82 (1992) (any doubt about the duty to defend is to be resolved in favor of the insured), and *United States Fire Insurance Co. v. Good Humor Corp.*, 173 Wis. 2d 804, 496 N.W.2d 730 (Ct. App. 1993) (if the question of coverage is fairly debatable, the insurer has an obligation to defend). Last reasons that since case law directs that when the third-party complaint is either ambiguous or incomplete, the insurance company is obligated to provide a defense.

Last contends, therefore, that American Family had a duty to defend her because of Zalar's questionable work status.

¶ 7. Finally, Last argues that because American Family wrongfully refused to defend her, under *Good Humor*, she is "entitled to recover all damages naturally flowing from the breach." *Id.* at 830. Thus, Last asks this court to overturn the trial court's decision and order the entry of summary judgment in her favor and the reimbursement of her attorney fees and settlement costs in the Zalar litigation and the reimbursement of her attorney fees in this suit. American Family argues that the trial court properly applied the appropriate legal test found in *Newhouse* and *Grieb* to Zalar's allegations when it determined that summary judgment was warranted. We agree with American Family.

¶ 8. In an appeal from the entry of summary judgment, this court reviews the record *de novo,* applying the same standard and following the same methodology required of the trial court under WIS. STAT. § 802.08. *See Delta Group, Inc. v. DBI, Inc.,* 204 Wis. 2d 515, 520, 555 N.W.2d 162 (Ct. App. 1996).

¶ 9. "Determining if an insurance company has a duty to defend is a question of law that we review *de novo* and without deference to the trial court." *Grube v. Daun,* 173 Wis. 2d 30, 72, 496 N.W.2d 106 (Ct. App. 1992). An insurer's duty to defend is predicated on the "allegations contained within the four corners of the complaint." *Newhouse,* 176 Wis. 2d at 835; *see also Elliott v. Donahue,* 169 Wis. 2d 310, 320–21, 485 N.W.2d 403 (1992). The duty to defend depends on the nature of the claim, not the merits, and any doubts must be resolved in favor of the insured. *See Elliott,* 169 Wis. 2d at 321. Moreover, "[p]olicy exclusions are to be

narrowly construed against the insurer and any ambiguity regarding coverage is to be resolved in favor of the insured." *Radke v. Fireman's Fund Ins. Co.*, 217 Wis. 2d 39, 43–44, 577 N.W.2d 366 (Ct. App. 1998).

¶ 10. The American Family policy issued to Last contains the following language:

### COVERAGE D – PERSONAL LIABILITY COVERAGE

**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

**Defense Provision.**

If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice. **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

The policy also contains an exclusion for worker's compensation claims:

20. **Workers Compensation. We** will not cover any obligation of the **insured** under a workers compensation, disability benefits, unemployment compensation law or any other similar law.

After looking at the "four corners" of Zalar's complaint, we conclude that Zalar's allegations fell within the policy exclusion. Zalar's complaint consists only of an application for a hearing filed with the Worker's Com-

pensation Division.[2] It clearly indicates that Zalar is seeking compensation from Last under the worker's compensation law. In her application, Zalar alleged that she "was hired to provide total patient care as a nursing assistant to Mrs. Last's husband" and that "while attempting to turn and lift husband, claimant experienced back pain." If Zalar successfully proved her case, she would have been eligible for worker's compensation benefits from her employer because she was a nursing assistant—a covered employee—who suffered a medical injury during the course of her employment. Nothing in Zalar's application is either ambiguous or incomplete. Thus, the only possible scenario emerging from Zalar's complaint is that Zalar sought worker's compensation benefits which were excluded from Last's policy.

¶ 11. Last, however, seizes upon the wording in a letter American Family sent to her, that Zalar "may or may not meet the statutory definition of domestic employee as it pertains to the requirement for worker's compensation insurance as defined by the State of Wisconsin," as evidence that an ambiguity existed which required American Family to provide her with a defense. She also contends that certain "red flags" such as the fact that Zalar's application listed Last's place of business and residence as being the same, and that the nature of the business is listed as "residential home," should have alerted American Family that Zalar's claim might not be "a worker's compensation claim." Last argues that because of these possibilities, American Family owed her a defense.

¶ 12. Last is wrong. Unlike the facts in several of the cases Last has cited, where the parties sought

---

[2] The Worker's Compensation Division was formerly known as the Department of Industry, Labor and Human Relations.

redress under different causes of action, Zalar sought only worker's compensation benefits from Last and American Family's policy's exclusion exempted "any obligation of the insured under a worker's compensation law" from coverage. As American Family aptly stated,

> [Last] refuses to perform the first step in any duty to defend analysis—comparing the coverage promised to the facts alleged to determine whether the facts, if proven, would give rise to liability which falls within the coverage promised. This simple, straightforward task is at the heart of any duty to defend analysis. Instead, [Last] urges this court to adopt wholly unworkable methodology which turns the four corners of the complaint test on its ear and requires insurers to speculate about whether they must defend claims which, *if unproven*, might lead to other potentially covered unknown claims. Hence, [Last] muses about the "possibility that the worker's compensation law did not apply to the claim of Ms. Zalar."

¶ 13. Stated otherwise, the policy language indicated that American Family would pay compensatory damages "for which any insured is legally liable because of bodily injury . . . caused by an occurrence covered by this policy." Last argues that if Zalar was not eligible for worker's compensation benefits, the policy would cover Zalar's injury. But the policy would never come into play if Zalar failed to prove her case. Had Zalar lost in her bid for worker's compensation benefits, no other alternative cause of action existed against Last. Zalar brought no other claims alleging Last was negligent or violated any other duty owed to Zalar. The only way Last would have had to pay damages to Zalar was if Zalar was entitled to worker's

compensation benefits. American Family does not cover worker's compensation obligations; thus, American Family owed no duty to defend Last because the only damages sought were excluded from coverage.

¶ 14. As a consequence, American Family was entitled to summary judgment, and we affirm the trial court's ruling.

By the Court.—Judgment affirmed.