241 Wis.2d 327 (2001)
2001 WI App 38
625 N.W.2d 317
TOWN OF MOUNT PLEASANT, a Wisconsin Municipal Corporation, Plaintiff-Appellant,[]
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY and Twin City Fire Insurance Company, Defendants-Respondents.
No. 00-0480.
Court of Appeals of Wisconsin.
Submitted on briefs November 9, 2000.
Decided January 17, 2001.
*328 On behalf of the plaintiff-appellant, the cause was submitted on the briefs of Jeffrey Leavell and Michael R. Vescio of Jeffrey Leavell, S.C., Racine.
On behalf of the defendants-respondents, the cause was submitted on the brief of Michael R. Fitzpatrick of Brennan, Steil, Basting & MacDougall, S.C., and Robert S. Soderstrom, James R. Murray, and Eileen Sloan Newlin of Tressler, Soderstrom, Maloney & Priess, Chicago, Illinois.
Nonparty briefs were filed by Robert C. Burrell, Virginia L. Newcomb, and Paul F. Graves of Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, for Insurance Environmental Litigation Association; Susan R. Tyndall of CMT Legal Group, Ltd., Waukesha, for Civil Trial Counsel of Wisconsin; George Burnett of Liebmann, Conway, Olejniczak & Jerry, S.C., Green Bay, for Fort James Corporation; and Mark L. Thomsen of Cannon & Dunphy, S.C., Brookfield, for Wisconsin Academy of Trial Lawyers.
Before Brown, P.J., Anderson and Snyder, JJ.
*329 ¶ 1. ANDERSON, J.
The Town of Mount Pleasant (Town) appeals from a summary judgment in favor of Hartford Accident and Indemnity Company and Twin City Fire Insurance Company (Hartford). The Town asked the circuit court to issue a declaratory judgment establishing that Hartford is obligated to the Town for certain costs, fees, disbursements and damages that the Town had suffered or paid as a result of a lawsuit in the United States District Court for the Eastern District of Wisconsin.[1] In response, Hartford filed a motion for summary judgment. We affirm because there is no genuine issue of material fact. Hartford was not given adequate notice of the lawsuit against the Town and is therefore not responsible for reimbursement to the Town.

Background Facts
¶ 2. The Town was an insured policyholder of Hartford's from October 10, 1979, through October 10, 1982. The Town's Hartford policies were in effect and provided coverage for the claims made against the Town by the plaintiffs in Hunt's Generator Committee, et al. vs. Town of Mount Pleasant, et al., No. 95-C-0754. The Town was served copies of the complaint and amended complaint in the Hunt's Generator case on July 20, 1995, and on August 7, 1995, respectively. The Town, upon service of the complaints, contacted its current insurance carriers, Wausau and Sentry Insurance. Wausau and Sentry Insurance advised the Town that there was no coverage for the claim made by the Hunt's Generator plaintiffs. The Town retained counsel *330 and defended the claims brought by the plaintiffs in the Hunt's Generator case.
¶ 3. In 1998, after the claims against the Town were settled, the Town discovered the insurance policies issued by Hartford and on April 1, 1998, demanded that Hartford reimburse the Town for the settlement costs, fees and disbursements. Hartford declined the Town's claim; the Town brought an action in the circuit court, alleging that Hartford knew or should have known of the claims made against the Town given that Hartford had represented an unrelated defendant (Crestview Sanitary District) in the Hunt's Generator case. The Town claimed that Hartford's knowledge and involvement in the Hunt's Generator case required Hartford to offer defense and/or coverage to the Town.
¶ 4. Hartford responded by asking the circuit court to grant a summary judgment motion against the Town. Hartford supported its motion with two arguments. First, Hartford claimed that the Town failed to tender the underlying lawsuit (i.e., the Hunt's Generator case) to Hartford. Second, Hartford argued that the Town violated coverage conditions of the policies by making voluntary payments and otherwise assuming obligations, incurring expenses, and settling the underlying case without the consent or authorization of Hartford notwithstanding the possibility of the existence of coverage for the claims against the Town in the Hunt's Generator case.
¶ 5. The circuit court dismissed the claim, finding that the Town did not tender its claim to Hartford and thus did not provide adequate notice. The Town appeals.

*331 Standard of Review
[1, 2]
¶ 6. We review a motion for summary judgment using the same methodology as the trial court. Ottinger v. Pinel, 215 Wis. 2d 266, 272, 572 N.W.2d 519 (Ct. App. 1997). That methodology is well known, and we will not repeat it here except to observe that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.
The dispute must center on a "genuine issue of material fact." A factual issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A "material fact" is one that impacts the resolution of the controversy. In analyzing whether there are genuine issues of material fact, we draw all reasonable inferences in favor of the nonmoving party.
Strasser v. Transtech Mobile Fleet Serv., Inc., 2000 WI 87, ¶ 32, 236 Wis. 2d 435, 613 N.W.2d 142 (citations omitted). Summary judgment presents a question of law that we review de novo. Ottinger, 215 Wis. 2d at 273.

Analysis
¶ 7. The Town relies upon Towne Realty, Inc. v. Zurich Insurance Co., 201 Wis. 2d 260, 548 N.W.2d 64 (1996); Delta Group, Inc. v. DBI, Inc., 204 Wis. 2d 515, 555 N.W.2d 162 (Ct. App. 1996); and Riccobono v. Seven Star, Inc., 2000 WI App 74, 234 Wis. 2d 374, 610 N.W.2d 501, for the proposition that when an insurer receives notice that there is a lawsuit, the insurer is under an obligation to determine if any named insured in that lawsuit desires a defense. The Town's interpretation *332 of these cases places the obligation upon the insurer to search its records and to clarify with every party that was or is an insured whether it desires the protection of the policy. We do not accept the Town's interpretation.
¶ 8. The Town overreads Towne Realty, Delta Group, and Riccobono. In each of these cases, the insurer knew the identity of its insured and had notice that its insured was facing a pending claim. Towne Realty, 201 Wis. 2d at 264-65; Delta Group, 204 Wis. 2d at 518-19; Riccobono, 2000 WI App 74 at ¶¶ 3, 4.
¶ 9. In Towne Realty, an agent of the insured (Towne Realty) had sent a letter to the insurer (Zurich) advising the insurer of the claim against the insured. Towne Realty, 201 Wis. 2d at 264. In addition, a copy of the summons and complaint against the insured was also attached to this letter. Id. at 265. There was no doubt that Zurich had notice that a suit had been initiated against its insured. Id. at 268. Our supreme court held that proper tender of defense was given. Id. at 267. Zurich's knowledge of the identity of its insured, combined with its knowledge of the claim against that insured, triggered its duty to defend.
¶ 10. In Delta Group, a construction company (DBI) contracted and performed some construction work for Delta. Delta Group, 204 Wis. 2d at 518. The work was substandard and DBI was notified by Delta of the problems. Id. Before litigation began, DBI filed a general liability loss notice with its insurer, Maryland Casualty Company (Maryland). Id. Maryland disclaimed coverage to its insured, DBI, and later to the arbitrated assignee[2] of its insured, Delta. Id. Delta *333 filed a complaint against DBI and an amended complaint that added Maryland. Id. at 519. On appeal, we concluded that Maryland breached its duty to defend its insured by failing to protect DBI's interest while contesting coverage. We held that the terms of the arbitrated agreement between its insured (DBI) and its insured's assignee (Delta) therefore bound Maryland. Id. at 526. As in Towne Realty, Maryland's knowledge of the identity of its insured, combined with its knowledge of the claim against that insured, triggered its duty to defend.
¶ 11. In Riccobono, after Riccobono filed suit against Seven Star, Seven Star notified one of its two insurance carriers, Society Insurance (Society). Its other carrier, Capitol Insurance (Capitol), was notified later by Society, after Society discovered the existence of Capitol's additional insurance for Seven Star. Riccobono, 2000 WI App 74 at ¶ 29. The main question in Riccobono was which insurer was the primary insurer and which was the excess insurer of Seven Star. Id. at ¶ 2. We held that Capitol was the primary insurer. Id. And thus, as in Towne Realty and Delta Group, Capitol's knowledge of the identity of its insured, combined with its knowledge of the claim against that insured, triggered its duty to defend.
¶ 12. We do not read these cases to say that notice to an insurance company from one of its insureds in a multi-party lawsuit is notice from any other of its insureds in the same lawsuit. Instead, we read these cases to stand for the proposition that notice from the insured does not have to meet technical requirements in order to trigger the duty of the insurer to defend; if an insurer is made aware of a lawsuit against one of its insured, the burden is on the insurer to clarify the needs of the insured. Unlike the insurance companies *334 of Zurich, Maryland and Capitol, Hartford did not know the identity of its insured nor did it know that there was a claim filed against its insured. The duty triggered in Towne Realty, in Delta Group, and in Riccobono is not triggered here.
[3]
¶ 13. It was not the responsibility of Hartford to search its records to determine whether any other of its insureds had been named in the Hunt's Generator case. The Town did not properly notify Hartford and Hartford was not otherwise notified that the Town was its insured and was named in a lawsuit. Only after settling the claim did the Town find its Hartford insurance policies and notify Hartford; this is not adequate notice.[3] This meant that neither the Town nor Hartford was aware that Hartford was the Town's *335 insurer at the time of the Hunt's Generator case. We will not fault Hartford for its lack of knowledge in this regard. It would be an onerous burden if the insurer (who may have thousands if not millions of insureds) is required to keep track of all of its insureds and to investigate any time it has notice of a lawsuit as to whether any of its insureds are parties.
¶ 14. Because we hold that Hartford did not have proper notice that the Town was a named defendant and desired a defense in the Hunt's Generator case, we do not need to address whether the Town violated the coverage conditions of its Hartford insurance policies by making voluntary payments and otherwise assuming obligations, incurring expenses, and settling the underlying case without the consent or authorization of Hartford.
By the Court.  Judgment affirmed.
NOTES
[] Petition to review denied.
[1] The lawsuit was Hunt's Generator Committee, et al. vs. Town of Mount Pleasant, et al., No. 95-C-0754.
[2] An assignee of a cause of action stands in the shoes of the assignor. Delta Group, Inc. v. DBI, Inc., 204 Wis. 2d 515, 521, 555 N.W.2d 162 (Ct. App. 1996).
[3] Here, we note that where notice is given more than one year after the time required by the policy, there is a rebuttable presumption of prejudice and the burden of proof shifts to the insured to prove that the insurer was not prejudiced by the untimely notice. Gerrard Realty Corp. v. Am. States Ins. Co., 89 Wis. 2d 130, 146-47, 277 N.W.2d 863 (1979). The Town's notice to Hartford was more than thirty months late and we hold it to be prejudicial under the facts of this case. We conclude that the Town failed to overcome the presumption of prejudice. We hold that Hartford was prejudiced because it could not seek an immediate determination of coverage, it could not participate in prelawsuit mediation, and it could not select defense counsel and control the defense. Here, we especially note that Hartford is prejudiced in that it may have selected the same counsel representing Crestview, which would have kept the attorney's fees much lower.

Further, we believe that it is not necessary to discuss whether the Town's voluntary payments have an impact on coverage because the conclusion on notice disposes of this matter.